## South's Administrators *versus* South.

R. and A. agreed, "to submit the settlement of our accounts" to three referees, who awarded that they found W. indebted to R. "$500 including two notes, &c., and W. to deliver up to R. and *A.* the 18 head of cattle that divided and fell to their share," &c. R. declared on an award for $500. *Held,* that the award, as far as sued on, was within the submission. The remainder not being covered by the submission, the award was void only *pro tanto.*

November — 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Greene county :* No. 126, to October and November Term 1871.

This was an action of debt on award brought, December 4th 1868, by Charles Mestrezatt and Dissiway South, administrators, &c., of Ruhama South, against William South.

The declaration averred that on the 11th of April 1860, the defendant, "by the award of Aaron Shelby, L. G. Vanvoorhis and Jonathan Garrard, * * * in pursuance of a writing sealed by the parties, was found indebted to the said Ruhama in the sum of $500," &c.

The pleas were, "No submission and no award;" "the award was not authorized by the submission;" "payment with leave," &c.

The case was tried, May 17th 1871, before Gilmore, P. J.

C. Mestrezatt testified that the submission (which was shown him) had been signed by both parties in his presence. He further testified, under objection and exception, that all matters in variance were submitted. Ruhama South and William South were present.

L. G. Vanvoorhis, one of the referees, testified that there was a final settlement between the parties.

There was evidence that the cattle mentioned in the award were a subject of discussion ; that the claim for them was submitted to the referees, and that the notes mentioned in the award also were submitted.

The plaintiff offered the submission and award in evidence ; the offer was objected to by the defendant, admitted and a bill of exceptions sealed.

The submission was :—

" We, the undersigned, do agree to submit the settlement of our accounts to Jonathan Garrard, Esq., Elza Vanvoorhis and Aaron Shelby to be examined and tried by them after hearing the evidence, and give their award. We, the undersigned, do agree and bind ourselves to abide by their decision as final, the above-named referees to meet at the house of Ruhama South on Monday, the 9th day of April 1860.

" Witness our hands and seals this the 2d day of April 1860.

" William South, [l. s.]
" Ruhama South, [l. s.]"

[South's Administrators *v.* South.]

The copy of award was:—

" We, the within-named arbitrators, chosen by the within-named parties, to amicably settle the running accounts of Ruhama South and William South, after examining the same, we do find William South indebted to Ruhama South $500 including two notes of hand—note 1, dated January 7th 1856; note 2, dated April 10th 1859, given to Job South, and by him transferred to Ruhama South, and the said William South to deliver up to Ruhama and Ann South the 18 head of cattle that divided and fell to their share, and that each of the parties pay an equal share of the costs.

" As witness our hands, April 11th 1860.

" Aaron Shelby,

" L. G. Vanvoorhis,

" Jonathan Garrard."

The defendant requested the court to charge:—

1. That the testimony of Alexander Mestrezatt, which is the only evidence in the case on the subject of other matters embraced in the submission than those mentioned in the written submission, is too vague, uncertain and indefinite to enlarge the submission so as to embrace matters and things not mentioned in the written submission.

2. That the written submission being only for the settlement of the accounts between William South and Ruhama South, an award under such submission, which includes two notes of hand, and declares that the defendant shall deliver to Ruhama South and Ann South 18 head of cattle, which cattle have since been taken from the defendant in pursuance of said award, is not warranted by the submission, is an excess of authority by the referees, and is illegal and void, and no action can be sustained thereon.

3. That this suit being on a submission and award alleged to be in writing, it is incompetent for the plaintiff to prove that though the cattle were not included in the submission, it was afterwards submitted by parol, and that the jury should disregard the evidence on the subject.

The court answered:—

" 1. We answer that if the evidence of Mestrezatt is believed and is sufficiently explicit to satisfy and inform you that it was agreed that the notes should be passed upon by the referees, then the adjudication of the referees is conclusive as to the amount found to plaintiff's intestate.

" 2. The award will be good under the submission, for the notes and the amount found by the referees, if the evidence be believed as to the enlargement of the submission. But we hold that in order to include the delivery of the cattle, you must be satisfied that the parties agreed that the referees should adjudicate upon the matter. But be that as it may, it will not affect the finding for the amount

in the award. It will only affect the ownership to the cattle, and whether the defendant can bring in the value of the cattle as payment of the award.

"3. We say that it was competent to submit the decision of the cattle to the referees, but whether it was done or not, would not affect the money finding but only have a bearing upon the case as payment of the award."

The court further charged:—

"We have answered to points submitted to us that the terms of the submission itself were sufficient to allow the referees to adjudicate upon the note, which plaintiff's intestate held against the defendant. This we wish you to understand, and that [it was not necessary to enlarge the terms of the submission by parol to include the settlement of these notes between the parties.]

"As to the cattle it seems to have been altogether another matter, a new item is introduced and was passed upon by the referees, and as it appears, if the evidence is believed, belonged to the defendant. His agent, Squire Maple, argued as he says, the ownership of the cattle, but made no objection to the jurisdiction of the referees. This is as we gather the substance of his evidence, but this is for you.

"[But suppose the referees went beyond their power in passing upon the ownership and division of the cattle. We can't see what bearing it should have upon the award under the submission. It might have been that it was the partition of the cattle, as counsel argue, which in some measure regulated the award. We have no evidence of this and mere supposition will not answer."]

The verdict was for the plaintiff for $832.50.

The defendant took out a writ of error and assigned for error the admission of the plaintiff's offers of evidence that were objected to; the answers to the points, and the parts of the charge in brackets.

*R. Downey & Son*, for plaintiff in error.—The submission and award do not agree as they should, with the allegations in the declaration: Clark *v.* Partridge, 2 Barr 13; Irwin *v.* Shoemaker, 8 W. & S. 76; Bank *v.* Fordyce, 1 Barr 456. The referees having exceeded their authority the award is void; Kyd on Awards 141, 167. Bachman *v.* Reigart, 3 Penn. R. 270; Scott *v.* Barnes, 7 Barr 134; Dickerson *v.* Rorke, 6 Casey 390.

*Black & Phelan*, for defendants in error.—References are favored: Bingham *v* Guthrie, 7 Harris 418. The submission is to be construed so as to effectuate the intention of the parties; Worrall's Accounts, 5 W. & S. 111. An award is to be so plainly expressed that by a fair construction of the whole, or by something connected with it, the parties may know what they are to

[South's Administrators *v.* South.]

do: Grier *v.* Grier, 1 Dallas 173; Gonsales *v.* Deavens, 2 Yeates 539; Kingston *v.* Kincaid, 1 W. C. C. R. 448. The remedy to each party in an award need not be the same: performance of a specific act may be compelled by attachment: Kunckle *v.* Kunckle, 1 Dallas 364; Gratz *v.* Gratz, 4 Rawle 411; Huff *v.* Parker, cited in 4 Dallas 285; Woglam *v.* Burnes, 1 Binney 109; Cox *v.* Jagger, 2 Cowen; Jackson *v.* Ambler, 14 Johnson R. 96.

A submission by specialty may be altered by parol: Graham *v.* Graham, 1 S. & R. 330. It is unnecessary to set out more than the award in the declaration: Rank *v.* Hill, 2 W. & S. 57. Formal objections to awards are not listened to: McAdams *v.* Stilwell, 1 Harris 90; Herman *v.* Freeman, 8 S. & R. 9.

The opinion of the court was delivered, May 13th 1872, by

READ, J.—This was a suit upon an award made in pursuance of a submission under seal, and dated the 2d April 1860, between William South the son, and his mother Ruhama South, by which they agreed " to submit the settlement of our accounts to Jonathan Garrard, Esq., L. G. Vanvoorhis and Aaron Shelby, to be examined and tried by them after hearing the evidence, and give their award, we the undersigned, do agree and bind ourselves to abide by their decision as final."

The award signed by the three arbitrators is dated the 11th April 1860, and appears to have been annexed to the submission, and is in these words: " We the within-named arbitrators, chosen by the within-named parties to amicably settle the running accounts of Ruhama South and William South, after examining the same, we do find William South indebted to Ruhama South five hundred dollars, including two notes of hand; note 1 dated January 7th 1856, note 2 dated April 10th 1859, to Job South, and by him transferred to Ruhama South, and the said William South to deliver up to Ruhama and Ann South, the eighteen head of cattle that divided and fell to their share, and that each of the parties pay their own costs." By the terms of the submission, the referees met at the house of the mother, Ruhama, on Monday the 9th April 1860.

After the death of Mrs. South her administrators, Charles A. Mestrezatt and Dissiway South, brought this suit upon the award, and the *narr.* stated it to be an award for five hundred dollars, and on the 17th May 1871, a verdict was rendered for the plaintiffs for $832.50, being the amount of the award, with upwards of eleven years' interest, strictly calculated, upon which judgment was entered.

" A submission by specialty," says Chief Justice Gibson, " may be altered by parol; and whether altered or not it is to be construed largely." The portion of the award sued upon is clearly within the terms of the submission, and the remaining portion not

. [South's Administrators *v.* South.]

covered by it is simply void, and as an award may be good in part and bad in part, it is void only *pro tanto.* The award, therefore, is good so far as sued upon, and the verdict and judgment were right.

This view disposes of the whole question.

Judgment affirmed.